## JOB LARRABEE *versus* INHABITANTS OF SEARSPORT.

In an action against a town for damages resulting from a defect in the highway, counsel for the defendants admitted " notice," but argued to the jury that he did not admit *" reasonable notice :"* — *Held,* that the admission must be regarded as conclusive upon the party by whom it was made.

*Held,* also, that *notice* and *reasonable notice* must be taken to mean one and the same thing.

The fact of notice having been admitted, it ceases to be a question in issue before the jury, and instructions submitting it to their determination are erroneous.

EXCEPTIONS from *Nisi Prius,* HATHAWAY, J., presiding.

This was an action on the case to recover damages for an injury occasioned by a defect in a highway in the town of Searsport. At the commencement of the trial, it was stated to the Court by defendants' counsel, in presence of the jury, that " the road and notice are admitted." The proof was, that the injury (if any) was occasioned by an accident which happened to the plaintiff's ox, at eight o'clock in the morning, by reason of a snow drift in the road. There was evidence tending to show that the snow had fallen the evening previous.

The counsel for plaintiff, in his argument, assumed that *reasonable notice* was admitted.

The counsel for the defendants argued to the jury that, although he admitted notice, he did not admit *reasonable notice.*

The Judge, in his charge to the jury, stated to them, that

the liability of the town to keep the road in repair, and *reasonable notice* of the defects, if any, were questions about which they need not inquire, for such liability and notice were admitted.

The counsel for defendants contended that if the drift was occasioned by the snow which he alleged fell the evening before the accident, the town could not have had reasonable notice, and requested the Judge to instruct the jury, that the town would not be liable unless they had *reasonable notice.*

The Judge stated that, that question was not open, for such notice had been admitted.

Defendants' counsel stated that he admitted notice, but not *reasonable notice.*

The Judge observed, that he understood the admission of notice in such case to be an admission of reasonable notice.

The counsel for defendants insisted upon the instructions being given which he requested.

Whereupon the Judge instructed the jury, that the defendants would not be liable unless they had reasonable notice, of which *they must judge from the evidence, unless they were satisfied from what was stated by defendants' counsel at the commencement of the trial, that reasonable notice was admitted.*

The verdict was for defendants.

The plaintiff excepted to the above rulings and instructions.

*Abbott & Nickerson,* for plaintiff.

*J. G. Dickerson,* for defendants.

APPLETON, J. — The admission of notice was made in the progress of the cause and must be regarded as conclusive upon the party by whom it was made. Notice, and reasonable notice, meant, and were intended to mean, one and the same thing, else the admission was without meaning. The fact of notice having been admitted, it ceased to be a question in issue before the jury. Under the instructions given, the jury may have found, that the defendants had no notice of the defect by which the injury is alleged to have been occasioned, and, if so, they have found against the admissions of the counsel by

whom the trial of the cause was conducted. The instructions in this respect were erroneous. *Exceptions sustained and New trial granted.*

TENNEY, C. J., and RICE, HATHAWAY, MAY and GOODENOW, J. J., concurred.